FRED A. RISSER, Chairman Committee on Senate Organization
The 1977 Committee on Senate Organization has requested my opinion as to whether members of both houses of the Legislature must receive the same basic salary. The Committee also requests an opinion concerning the procedure for changing the present salary scheme in the event that the basic salary is not required to be the same.
It is my opinion that until sec. 20.923, subsecs. (1) and (2), Stats., are amended, senators and representatives to the Assembly must be salaried at the same level. Amendment or repeal of this statutory provision and any subsequent appropriation can only be made with the concurrence of the Assembly. Furthermore, it is my opinion that any amendment or repeal of sec. 20.923(2)(b) could not affect the salary of any member of the Legislature for his or her current term of office.
In the past, several statutory procedures were used, including direct appropriation. With appropriate legislation, these or others could be used in the future.
Since the repeal in 1929 of Wis. Const. art. IV, sec. 21, the only constitutional provisions which limit the power of the Legislature to determine the level of compensation for its members are: art. IV, sec. 26; art. VIII, sec. 2; art. IV, secs. 1 and 17. The first named, as it applies to members of the Legislature, prohibits changes in compensation during the term of office of any member. (See 55 Op. Att'y Gen. 159 (1966), and references contained therein.) *Page 281 
Article VIII, sec. 2. states: "No money shall be paid out of the treasury except in pursuance of an appropriation by law." Article IV, sec. 17, provides: "no law shall be enacted except by bill." Finally, art. IV, sec. 1, makes it clear that no bill can be passed without the concurrence of both houses of the Legislature: "The legislative power shall be vested in a senate and assembly." Thus any appropriation, including the salaries of legislators, requires the joint action of both houses of the Legislature.
The two statutory provisions which control the level of compensation to legislative members are secs. 20.923 and 20.002, Stats. The former sets the level of compensation, the latter controls the time during which that level remains in effect.
Section 20.923, Stats., reads in pertinent part:
 "20.923 Statutory salaries. It is the finding of the legislature that the current wide diversity of salary-setting authority has resulted in inequitable and disparate relationships between and among administrative positions in the several branches of government, and that a consistent and equitable salary setting mechanism should be established for these positions. To effectuate this finding, all elected officials . . . unless specifically excepted by law, shall be assigned to the appropriate executive salary group . . . and all such included positions shall be subject to the same basic salary establishment, implementation, modification, administrative control and application procedures. The salary-setting mechanism contained in this section shall be directed to establishing salaries that are determined on a comprehensive systematic basis, bear equitable relationship to each other . . . and be reviewed and established with the same frequency as those of state employes in the classified service.
 "(1) Establishment of executive salary groups. . . . The dollar value of the salary range minimum and maximum for each executive salary group shall be reviewed and established in the same manner as that provided for positions in the classified service under s. 16.086 (3). The salary-setting authority of . . . elective and appointive officials elsewhere provided by law is subject to and limited by this section, and the salary rate for these positions upon appointment and subsequent thereto shall be set by the appointing authority pursuant to this section. *Page 282 
unless the position is subject to article IV, section 26 of the state constitution."
Section 20.923, Stats., further provides:
 "(2) Constitutional officers and other elected state officials. (a) The annual salary for each of the following positions shall be set at the midpoint of the assigned salary range for its respective executive salary group in effect at the time of taking the oath of office, except as provided in pars. (b) . . . shall become effective immediately for all . . . elected state officials, subject to article IV, section 26 of the Wisconsin constitution and for any subsequently elected official who takes his or her oath following August 5, 1973 . . . .
"* * *
"5. Legislature, member: executive salary group 2.
"* * *
 "(b) The annual salary of each state senator and representative elected to the assembly shall be set at 65% of the midpoint of the salary range for executive salary group 2."
Thus, the clearly expressed intent and the statutory schedule, sec. 20.923(2)(b), Stats., require equality in the basic salary for state senators and representatives to the Assembly. This equality in basic salary has deep historic roots beginning with Wis. Const. art. IV, sec. 21, and continuing to the present.
In this regard the history of art. IV, sec. 21, and its statutory successors is instructive. The original version of sec. 21 read:
 "Compensation of members. SECTION 21. Each member of the legislature shall receive for his services two dollars and fifty cents for each day's attendance during the session, and ten cents for every mile he shall travel in going to and returning from the place of the meeting of the legislature, on the most usual route."
As amended in November of 1867. it read:
 "Compensation of members. SECTION 21. Each member of the legislature shall receive [a yearly salary plus mileage]."
The section was amended again in 1867 and read: *Page 283 
 "Compensation of members. Each member of the legislature shall receive [an annual sum greater than that specified in the 1867 amendment]. . . . No stationery, newspapers, postage or other prerequisite except the salary and mileage . . . shall be received from the state . . . by any member of the legislature . . . ."
Finally, in 1929 the section was repealed in its entirety. The successive amendments suggest, however. that the purpose of the repeal was to eliminate the need for amending the constitution every time a salary change is needed, not to eliminate the need for the same basic salary for senators and representatives to the Assembly. In addition, the repeal made it possible to compensate members for expenses other than salary or mileage.
The constitutional provision was replaced by a series of statutory appropriations: 20.01 (1929);20.01 (1931-1943);20.01(1) (1945-1953); 20.530(1) (1955-1963); 20.530(1)1. (1955);20.765(1)(a) (1967); and 16.09 (1969-1973). The operative language for the first and last of these is "member of the legislature." For all the rest it is: "compensation . . . for each member of the legislature."
Hence, the long-standing practice has been equal compensation even though no constitutional language presently exists to require that result.
Section 13.121, Stats., is also instructive. First, it too speaks of "each member." Second, it makes it clear what type of appropriation the Legislature intended for its members.
 "13.121 Legislators' salaries. (1) Current Member. From the appropriation under s. 20.765 (1) (a), each member of the legislature shall be paid . . . the salary provided under s. 20.923."
The appropriation under sec. 20.765(1)(a), Stats., is not limited with respect to time, for example, as an annual or biennial expenditure; it is qualified only as being a sum sufficient. As a consequence, legislative salaries fall under the heading, general appropriations, in the sense that that phrase is used in sec.20.002, Stats.
 "20.002 General appropriation provisions. (1) Effective period of appropriations. . . . If the legislature does not amend or eliminate any existing appropriation on or before July 1 of the odd-numbered years, such existing appropriations provided for *Page 284 
the previous fiscal year shall be in effect in the new fiscal year and all subsequent fiscal years until amended or eliminated by the legislature. . . ."
Hence, the present scheme remains in force until appropriate legislative action is taken.
BCL:RR